UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

RANDOLPH ERIC LINDE,

                Plaintiff,

-against-                                    MEMORANDUM
                                              AND ORDER
COMMISSIONER OF SOCIAL SECURITY,        09-CV-1634 (RJD)

                Defendant.

---------------------------------------------------------X

DEARIE, Chief Judge:

Randolph Eric Linde, proceeding *pro se*, brings this action seeking review of the Social Security Commissioner's decision denying his application for disability benefits pursuant to the Social Security Act. 42 U.S.C. § 405 (g). The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directs plaintiff to file an amended complaint within thirty (30) days of the date of this Order as set forth below.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007). See also Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). However, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it

1

"lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

## DISCUSSION

Exhaustion of Administrative Remedies

Before plaintiff can bring a lawsuit in federal court seeking judicial review of the denial of social security disability benefits, he must exhaust his administrative remedies with the Social Security Administration, the agency responsible for administration of the disability benefits under the Social Security Act. Weinberger v. Salfi, 422 U.S. 749, 763-67 (1975). There are several steps which must be followed: (1) plaintiff must file an application seeking disability benefits; (2) upon denial of that application, plaintiff must request a hearing before an administrative law judge (ALJ); and (3) if the ALJ denies the application, plaintiff must request review of the decision by the Office of Hearings and Appeals ("Appeals Council"). Plaintiff may then seek review of Commissioner's final decision, entitled the "Action of Appeals Council on Request for Review" ("Appeals Council letter"), in federal court within sixty days. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210. This "60-day requirement is not jurisdictional, but rather constitutes a period of limitations." Bowen v. City of New York, 476 U.S. 467, 478 (1986).

In the instant complaint, it is unclear what steps plaintiff has taken to exhaust his administrative remedies, as plaintiff has not attached a copy of his Appeals Council letter to his complaint. On March 20, 2009, the Pro Se Office sent plaintiff a letter at his Lewistown, Pennsylvania address requesting that plaintiff send the Court a copy of his Appeals Council letter. On March 27, 2009, the letter was returned to the Court as undeliverable by the United States Postal Service. The Court subsequently re-mailed the letter to plaintiff's Brooklyn, New

York address. To date, plaintiff has failed to respond and has not provided the Court with his Appeals Council letter. As such, it is unclear whether plaintiff has completed the final step and, if so, whether he has filed this action within the required sixty days from his receipt of the Appeals Council letter as required.

## CONCLUSION

Plaintiff is hereby directed to file an amended complaint detailing the exhaustion of his administrative remedies. Specifically, plaintiff must state when he received the decision from the Appeals Council and, if available, he should attach a copy of the Appeals Council letter to the amended complaint. If plaintiff has not received the Appeals Council letter, he is advised that this action may be premature. The Clerk of Court is directed to attach a Social Security Complaint form to this Order. The Amended Complaint must bear the docket number 09-CV-1634 (RJD). No summons will issue and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Judge Raymond J. Dearie
RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
April 30, 2009